IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELA MICHELLE TORRES,

      Plaintiff,

v.                                     No. 2:13-cv-00402 RB/CEG

THE UNITED STATES OF AMERICA,
d/b/a BEN ARCHER HEALTH CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Expert Witness Disclosure. (Doc. 43). Plaintiff moves to strike Defendant's expert witness disclosure on the ground that Defendant did not include its expert's report with its expert witness disclosure on the deadline of January 9, 2014. The disclosure stated that the report would be disclosed separately. On January 10, 2014, Defendant's counsel advised Plaintiff's counsel that the expert's report was delayed because Defendant's counsel had been out of the office on bereavement and holiday leave. Defendant disclosed the expert report on January 24, 2014, and Plaintiff's counsel filed the instant motion thereafter. Plaintiff replies that she does not want an extension of the discovery deadline and requests sanctions under Federal Rule of Civil Procedure 37(c)(1)(C).

Under Federal Rule of Civil Procedure 26(a), a party seeking to call an expert witness must provide the opposing party with a written report, prepared and signed by the expert witness, that outlines, in pertinent part, the opinions that will be expressed at trial by the expert witness, the facts or data considered by the expert witness in forming those opinions, the expert witness's

qualifications, the cases in which the expert witness has testified within the last four years, and the compensation to be paid the expert witness for his work and testimony in the case. FED. R. CIV. P. 26(a)(2)(B)(i)-(vii). Rule 26 "imposes a . . . duty to disclose information regarding expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other expert witnesses." FED. R. CIV. P. 26(a)(2) Advisory Committee's Note (1993).

In general, when a party fails to comply with the disclosure requirements of Rule 26(a), the party is not permitted to introduce the expert witness's testimony at trial. *See Sims v. Great Am. Life Ins. Co.,* 469 F.3d 870, 894-95 (10th Cir. 2006). However, Federal Rule of Civil Procedure 37(c) permits the district court to admit expert witness testimony despite a party's failure to comply with Rule 26(a), so long as the violation is "justified or harmless." FED. R. CIV. P. 37(c)(1). In determining whether the failure to comply with Rule 26(a) is justified or harmless, the Court weighs four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the offering party's bad faith or willfulness. *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) (quotations and citation omitted).

In this case, discovery terminates on March 14, 2014. The discovery motions deadline in March 31, 2014. The pretrial motion deadline is April 15, 2014. The deadline for depositions to preserve testimony for use at trial is September 15, 2014. A bench trial is set for November 24-26, 2014. Plaintiff has shown no prejudice as a result of the two-week delay in disclosure of the expert witness report. There is ample time for Plaintiff to prepare for trial. Defense counsel had

been out of the office on bereavement leave and remedied the omission as soon as practicable. Under these circumstances, the motion to strike is denied. Defendant is granted an extension of the expert witness disclosure deadline *nunc pro tunc* to January 24, 2014, the discovery deadline is extended to April 15, 2014, the discovery motions deadline is extended to May 1, 2014, and the dispositve motions deadline is extended to May 15, 2014.

    **IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**