IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELA MICHELLE TORRES,

    Plaintiff,

vs.                                            No. 2:13-cv-00402-RB-CG

THE UNITED STATES OF AMERICA,
d/b/a Ben Archer Health Center,

    Defendant.

## ORDER DENYING UNOPPOSED MOTION TO STAY RESPONSE DEADLINE

**THIS MATTER** is before the Court upon *Defendant's Objections to Plaintiff's Requests for Admission and Unopposed Motion to Stay Response Deadline* ("Motion to Stay"), filed on March 25, 2014, (Doc. 53).  In the Motion to Stay, Defendant outlines his objections to Plaintiff's Requests for Admission and moves the Court for an order staying the deadline for Defendant to respond to the Requests for Admission, "pending a hearing on this matter or a resolution by the parties." (Doc. 53 at 1-3).  For the reasons discussed below, the Court finds that the Motion to Stay should be **DENIED WITHOUT PREJUDICE**.

    a. Defendant's Objections

It is unclear to the Court why Defendant filed on the docket his objections to Plaintiff's Requests for Admission, or why they were included in the Motion to Stay.  The procedure governing Requests for Admission is outlined in FED. R. CIV. P. 36 and in Rule 26 of the Local Rules of Civil Procedure.  Pursuant to FED. R. CIV. P. 36(a)(3), "the party to whom the request is directed serves on the requesting party a written answer or objection" within 30 days.  Under the Local Rules of Civil Procedure, responses to Requests for Admission are to be served, but not filed with the Clerk; "only a certificate

indicating the date of service is filed." D.N.M.LR-Civ. 26.2.  A party served with objections to Requests for Admission may move the court to determine the sufficiency of the objections within 21days of service.  F ED. R. C IV. P. 36(a)(6); D.N.M.LR.-Civ. 26.6.

The parties are directed to review the rules governing discovery procedures and closely adhere to them in the future.  There is no need for Defendant to file objections to Plaintiff's discovery requests on the docket; issues related to the propriety of discovery requests or the sufficiency of the related responses are to be raised by a properly filed motion.

b. *Motion to Stay*[1]

Defendant moves the Court to stay the deadline for serving responses to Plaintiff's Requests for Admission.  Under F ED. R. C IV. P. 29(b), the parties may stipulate that procedures governing or limiting discovery be modified.  However, the Court must approve a stipulation extending the time for any form of discovery if the extension of time interferes with the time set for completing discovery.  F ED. R. C IV. P. 29(b); *see also* D.N.M.LR-Civ 26.5 (under which the Court, *sua sponte* or on motion by a party, may change the limitations on discovery).

In this case, discovery ended on March 15, 2014, and the deadline for discovery motions is March 31, 2014.  (Doc. 42 at 1).  Thus, it is proper for the parties to move the Court to approve their stipulation to stay the deadline for Defendant's responses to Plaintiff's Requests for Admission because it would affect discovery deadlines. However, Defendant failed to explain the statutory or procedural basis of the request for

---

[1] The Court notes that the Motion to Stay was not filed as motion on the docket.  Counsel for Defendant is directed to review the guidelines for filing motions on CM/ECF and ensure that future motions are filed correctly.  Furthermore, although the Motion to Stay is unopposed, Defendant did not submit to the Court a proposed order.  *See* D.N.M.LR-Civ. 7.2 ("An unopposed motion must be accompanied by a proposed order approved by each party. . .").

relief, include an explanation as to how a stay would affect the relevant discovery deadlines, or explain how the parties are working to resolve the issue.  Therefore, the Motion to Stay is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE