### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

ANGELA MICHELLE TORRES,

       Plaintiff,

vs.                                      No. 2:13-cv-00402-RB-CG

THE UNITED STATES OF AMERICA,
d/b/a Ben Archer Health Center,

       Defendant.

### ORDER

**THIS MATTER** is before the Court upon Plaintiff's *Motion to Deem Request for Admissions Admitted* ("Motion to Deem RFAs Admitted"), filed on April 9, 2014, (Doc. 55); *Defendant's Second Motion to Stay Response Deadline* ("Second Motion to Stay"), filed on April 9, 2014, (Doc. 56); and Defendant's *Motion to Extend Discovery Deadline* ("Motion to Extend"), filed on April 11, 2014, (Doc. 58).  After a brief discussion of the background, the Court addresses each motion below.

#### I.      Background

The original termination date for discovery was February 14, 2014, (Doc. 16); this date was extended twice, (Doc. 42, Doc. 48), and discovery closed on April 15, 2014.

Plaintiff served Defendant with her Requests for Admission on February 21, 2014, and the responses were due on March 26, 2014.  (Doc. 56 at 1).  On March 25, 2014, *Defendant's Objections to Plaintiff's Requests for Admission and Unopposed Motion to Stay Response Deadline* ("First Motion to Stay"), (Doc. 53), was filed.  In this filing, Defendant objected to Plaintiff's Requests for Admission on the basis that Plaintiff had exceeded the number of allowed Requests for Admission.  (Doc. 53 at 1-3).  The Court noted that objections to discovery requests should be served on the opposing

party and not filed with the Court.  (Doc. 54 at 1-2).  Additionally, Defendant's First

Motion to Stay was denied without prejudice due to Defendant's failure to explain the

statutory or procedural basis for the request to stay, discuss how a stay would affect

other deadlines, or explain how the parties were attempting to resolve the issue.  (Doc.

54 at 2-3).  When Defendant filed the First Motion to Stay, both parties agreed that the

deadline should be stayed while they conferred as to a possible resolution.  (Doc. 53 at

3).

On April 9, 2014, Plaintiff filed her Motion to Deem RFAs Admitted.  (Doc. 55).

On the same day, Defendant filed the Second Motion to Stay and served the responses

to Plaintiff's Requests for Admission.  (Doc. 56; Doc. 57).  Plaintiff opposed the Second

Motion to Stay.  (Doc. 56 at 2).  Defendant filed the Motion to Extend on April 11, 2014,

shortly before the close of discovery.  (Doc. 58).

## II.     Discussion

### a.  Defendants' Second Motion to Stay Response Deadline

Defendant moves to stay the deadline for Plaintiff's Requests for Admission.

However, the responses were served on April 9, 2014, and Defendant's Motion to Stay

should be construed as a motion to extend the deadline for serving Defendant's

responses to Plaintiff's Requests for Admission to April 9, 2014.  In the Motion to Stay,

Counsel for Defendant represents that he is willing to negotiate a solution regarding

Defendant's objections to the Requests for Admission.  (*See* Doc. 56 at 2) (where

Defendant explains that a possible solution may be "entering into trial stipulations

regarding the authenticity of medical records or bills that would obviate the need for

records custodians to appear at trial.").  Exhibits submitted by Plaintiff suggest that this

resolution is acceptable.  (*See* Doc. 55-3 at 3-4).  Moreover, in Defendant's *Response to Plaintiff's Motion to Deem Request for Admissions Admitted*, Counsel for Defendant states that he spoke with Counsel for Plaintiff regarding the objections and reiterated that he was willing to enter trial stipulations.  (Doc. 62 at 2).

In light of the fact that Plaintiff was initially unopposed to allowing an extension of some kind for Defendant's responses to the Requests for Admission and the apparent ongoing negotiations between the parties, the Court finds that Defendant's Second Motion to Stay should be granted insofar as it requests that the deadline to respond to Plaintiff's Requests for Admission be extended until April 9, 2014, the date on which the responses were served.  Based on this ruling, the Court finds that Plaintiff's Motion to Deem RFSs Admitted is moot, as the responses were timely served.

> b.  *Motion to Extend Discovery Deadline*

Defendant has also moved to extend the discovery deadline to April 29, 2014, to allow the taking of Plaintiff's expert's deposition.  (Doc. 58).  In the Motion to Extend, Defendant explains that Counsel for Defendant informed opposing counsel that he would like to take the expert's deposition on March 24, 2014, and in response, Counsel for Plaintiff provided him with two dates, April 29, 2014 and May 1, 2014, both after the discovery deadline.  (Doc. 58 at 1).  Counsel represents that he conferred, or attempted to confer, with opposing counsel on April 1, 2014, April 4, 2014, and April 11, 2014.  (Doc. 58 at 1-2).  After a conversation on April 4, 2014, Counsel for Defendant "understood that Plaintiff's Counsel would accommodate the request."  (Doc. 58 at 2).

In her Response, Plaintiff argues that Defendant has been aware of Plaintiff's expert since August 23, 2013, but requested deposition dates for the first time on March

23, 2014, just weeks before the close of discovery.  (Doc. 59 at 1-2).  She also asserts

that on April 4, 2014, Counsel for Defendant was advised that Plaintiff did not agree to

any depositions taken after April 15, 2014, but had provided potential dates in case the

Court extended the discovery deadline.  (Doc. 59 at 2).  This assertion is supported by

emails exchanged by Counsel.  (Doc. 59-3 at 1, 3).

 After review of Defendant's Motion to Extend, the Court finds that there is not

good cause to extend the discovery deadline to allow the deposition of Plaintiff's expert.

The Motion to Extend recites the timeline of the communications between the parties as

to potential dates for the deposition, but does not contain a justification for Defendant's

delay in scheduling the deposition.  A mere recitation of the last minute efforts that

Defendant made to arrange the deposition is not a substitute for a persuasive assertion

of good cause.  Moreover, Defendant has not filed a reply addressing Plaintiff's

contention that he unnecessarily delayed scheduling the deposition for several months.

Therefore, the Court finds that Defendant's Motion to Extend is not well-taken and

should be denied.

 *c.  Conduct of Counsel*

 Counsel are directed to closely review the Federal Rules of Civil Procedure and

the Local Rules of Civil Procedure, as each party has failed to fully adhere to the rules

in the filing of these motions.  For example, Defendant did not file Notices of Completion

of Briefing upon completion of briefing for either of Defendant's motions.  D.N.M.LR-Civ.

7.4(e).

 On the other hand, Counsel for Plaintiff prematurely filed a Notice of Briefing

Complete on April 28, 2014.  (Doc. 61).  Plaintiff's Motion to Deem Request for

4

Admissions Admitted was filed on Wednesday, April 9, 2014. Under Local Rule 7.4(a),

Defendant's response was to be filed within fourteen calendar days (Wednesday, April

23, 2014), plus an additional three days because Plaintiff's Motion was filed

electronically. *See* FED. R. CIV. P. 6(d) (allowing an additional three days when service

is made under Rule 5(b)(2)(E)). The third day would have been Saturday, April 26,

2014; under Rule 6(a)(1)(C), Defendant was allowed until April 28, 2014, to file a

response. The Court finds Plaintiff's miscalculation of the date to be misleading and

unprofessional.

The Court reminds the parties of their obligation to behave professionally and

ethically; this includes treating each other with respect, timely responding to

communications, and attempting to resolve disputes amicably and without Court

involvement.

## III.    Conclusion

Based on the discussion above, the Courts finds that:

a. *Defendant's Second Motion to Stay Response Deadline*, (Doc. 56), is **GRANTED**, and the deadline for Defendant to serve its responses to Plaintiff's Requests for Admission is extended to April 9, 2014;

b. Plaintiff's *Motion to Deem Request for Admissions Admitted*, (Doc. 55), is **DENIED AS MOOT**; and

c. Defendant's *Motion to Extend Discovery Deadline*, (Doc. 58), is **DENIED**.

**IT IS SO ORDERED**.


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE